1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

6   Bennie Hamilton,

Case No. 2:19-cv-01397-RFB-BNW

7                     Plaintiff,

8            v.                                      **ORDER**

9   1209 Village Walk Trust LLC

10                     Defendant.

11

12

13        Presently before the court is Plaintiff Bennie Hamilton's application to proceed *in forma*

14   *pauperis*, filed on August 14, 2019. ECF No. 1 Also before the court is Plaintiff's civil rights

     complaint filed under 42 U.S.C. § 1983. *Id*. at 1-1.

15   **I.    *IN FORMA PAUPERIS* APPLICATION**

16        Plaintiff submitted the declaration required by 28 U.S.C. §1915(a) showing an inability to

17   prepay fees and costs or to give security for them. Plaintiff's request to proceed *in forma pauperis*

18   (ECF No. 1), therefore, will be granted.

19   **II.   SCREENING COMPLAINT**

20        **A.    Background**

21        This case arises out of a dispute between Plaintiff and her landlord, 1209 Village Walk

22   Trust, LLC. Plaintiff alleges that her landlord repeatedly failed to repair issues that arose while

23   she was renting one of its properties (i.e., issues with mold, lack of hot water, garbage disposal

24   problems, electrical issues). ECF No. 1-1 at 4. Plaintiff alleges that she brought these issues to the

25   landlord's attention, several times, but to no avail. *Id*. at 4. So, she explains, she stopped paying

26   rent. *Id*. In turn, her landlord sued her in Las Vegas Justice Court, and she was ordered to pay the

27   withheld rent. *Id*. at 5. The landlord was also ordered to make the repairs. While she complied

28

with the court's order, the landlord did not. *Id*. This led to additional litigation in Las Vegas Justice Court. *Id*. In the end, Plaintiff claims that she was forced to move back to California due to her landlord's continuous refusals to repair the property she was renting. *Id*. at 6.

Plaintiff now brings claims under 42 U.S.C. § 1983 against Defendant 1209 Village Walk Trust, LLC for "Retaliation" (claim one) and "Abuse of Process (claim two). *Id.* at 9-11. Plaintiff seeks $85,000 in monetary damages and punitive damages and injunctive relief. *Id*. at 13.

### B.    Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### C.    Analysis

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties or private businesses are not acting under the color of state law for § 1983 purposes. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008). To state a claim against a private party under Section 1983, a plaintiff must allege the private party "is a willful participant in joint action with the State or its agents." *Id.* at 900 (quotation omitted). A private party's conduct "constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotation omitted). For instance, a private party's actions may constitute state action if the private party is controlled by a state agency, delegated a public function by the state, involved with governmental policies, or if the state manages or controls the private party. *Id.* A bare allegation of joint action is insufficient to state a claim against a private party under Section 1983. *Dietrich*, 548 F.3d at 900.

Here, Plaintiff brings Section 1983 claims against his landlord, Defendant 1209 Village Walk Trust, LLC, who is a private party. Plaintiff does not allege that Defendant is in joint action with the state, that it was delegated a public function by the state, that it is involved in governmental policy, or that it is otherwise managed or controlled by the state. The Court, therefore, finds that Plaintiff fails to state a claim against Defendant under Section 1983 and will dismiss his complaint, with leave to amend.

1     If Plaintiff chooses to file an amended complaint, Plaintiff is advised that although the

2     Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give

3     Defendant fair notice of each of the claims Plaintiff is alleging. Plaintiff is further advised that if

4     an amended complaint is filed, the original complaint no longer serves any function in this case.

5     As such, if Plaintiff files an amended complaint, each claim and the involvement of each

6     defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other

7     documents to make Plaintiff's amended complaint complete. The amended complaint must be

8     complete in and of itself without reference to prior pleadings or to other documents and it must be

9     titled "First Amended Complaint."

10    **III.    CONCLUSION**

11         IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In*

12    *Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to

13    conclusion without paying fees or costs or giving security for them.

14         IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's complaint (ECF

15    No. 1-1).

16         IT IS FURTHER ORDERED that Plaintiff's complaint is dismissed without prejudice and

17    with leave to amend.

18         IT IS FURTHER ORDERED that if Plaintiff chooses to amend his complaint, he must do

19    so by September 15, 2020.

20    DATED:  August 14, 2020

21

22                                                              _____
                                                                BRENDA WEKSLER
23                                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28